UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60565-DIMITROULEAS/SNOW

CONSTANCE GOMEZ,

    Plaintiff,

vs.

ANDREW M. SAUL,
Acting Commissioner of Social Security,

    Defendant.
_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE

THIS CAUSE is before the Court upon the Report and Recommendation of Magistrate Judge Snow (the "Report") [DE 30], filed herein on March 10, 2021. The Court has conducted a *de novo* review of the Report [DE 30] and has carefully considered Plaintiff's Objections [DE 31] and Defendant's Response to the Objections [DE 32]. The Court is otherwise fully advised in the premises.

### I.    BACKGROUND

Plaintiff filed an initial application for disability benefits on September 19, 2016, which was denied as was Plaintiff's request for reconsideration. Upon Plaintiff's further request a hearing was held before an Administrative Law Judge on December 10, 2018. Administrative Law Judge Robert Gill ("ALJ") found that Plaintiff was not disabled within the meaning of the Social Security Act. Subsequently, the Appeals Council denied Plaintiff's request for review on January 30, 2020, and Plaintiff filed this action seeking judicial review of the decision on March 16, 2020.

The record reflects that over multiple years Plaintiff has dealt with or sought treatment

for various health issues including pain, often in her back and neck and often tied to fibromyalgia, mental health issues, including depression, anxiety, and memory problems, diabetes, and sleep apnea. *See* Report 1–22, [DE 30]. At her administrative hearing in front of the ALJ in December of 2018, Plaintiff testified that she was unable to work because of severe pain in her neck, shoulder and back and fatigue from fibromyalgia. Report 23. She also stated that she suffered from depression because of the pain and had difficult getting out of bed. Report 23–24. Plaintiff also complained of memory problems which she believed were related to her fibromyalgia. Report 24. Plaintiff also stated that she had residual balance problems related to a previously broken ankle and complications from her diabetes. Report 24.

A medical expert, Arthur Lorber, M.D., testified at Plaintiff's administrative hearing regarding Plaintiff's medical condition. Record 24. According to Dr. Lorber, the record showed no evidence that Plaintiff suffered from rheumatoid arthritis nor hearing loss, nor that Plaintiff was being treated for such conditions. Report 24. Dr. Lorber also opined that Plaintiff's diabetes was controlled and that there was no evidence Plaintiff's sleep apnea resulted in an impairment as she was not using a CPAP machine. Report 24–25. While Dr. Lorber acknowledged Plaintiff's diagnosis of meralgia parenthetica, he noted that this was not a spinal disorder. Report 25. Finally, as to Plaintiff's fibromyalgia, Dr. Lorber opined that this was not an appropriate diagnosis as fibromyalgia is a diagnosis of exclusion and Plaintiff had multiple other complaints. Report 25. Dr. Lorber also noted that Plaintiff was not being treated with any medication that traditionally treated fibromyalgia but was being treated with narcotics, which are not typically used to treat such a condition. Report 24–25.

Plaintiff was previously employed as a customer service clerk, hand packager, and order clerk. She had worked in these roles for Aetna in 2006 and 2007. Report 22. Specifically, while

working for Aetna she had primarily taken customer orders for medication and packaged them for delivery. Report 23. She spent half of the day on her feet and half of the day seated and handled medication boxes weighing 20–25 pounds. Report 23.

The vocational expert, Pamela Leggett, who testified at Plaintiff's administrative hearing, testified based on the hypothetical presented by the ALJ, that an individual who could lift up to 50 pounds occasionally; could stand for a total 4 hours per day, 2 hours at a time; could sit/walk for a total of 4 hours per day, 2 hours at a time; could never crawl, climb ladders or scaffolds or be exposed to unprotected heights could perform the key aspects for Plaintiff's prior job. Report 26.

The ALJ ultimately found that during the relevant time period Plaintiff was not under a disability as defined by the Social Security Act. Key to Plaintiff's asserted grounds from relief in this matter, the ALJ found that Plaintiff's depression was not more than a minimal limitation and therefore did not qualify as a severe mental impairment. Report 29. The ALJ based these finding on Plaintiff's ability to answer questions at the administrative hearing, her interactions with her doctors, her minimal psychiatric treatment and the effectiveness of the medications she used to treat her symptoms. Report 29. Also relevant, the ALJ concluded that Plaintiff's fibromyalgia was not a medically determinable impairment, agreeing with Dr. Lorber. Report 28.

Plaintiff two asserted grounds for relief where that 1) the ALJ's residual functional capacity assessment was not based on substantial evidence because the ALJ failed to properly assess the Plaintiff's fibromyalgia and mental impairment and 2) the ALJ failed to properly credit the Plaintiff's subjective complaints. Report 35.

## II.     STANDARD OF REVIEW

A party seeking to challenge the findings in a report and recommendation of a United

States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; *see also* 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). Accordingly, the Court has undertaken a *de novo* review of the record and the Plaintiff's objections.

## III. DISCUSSION

Plaintiff objects to the Report for three reasons. According to Plaintiff the Report did not properly take into account the flawed testimony of Dr. Lorber, the ALJ's failure to discuss or rely upon the actual findings and opinions of Dr. Gordon, a physician who assessed Plaintiff's potential mental impairments, and the ALJ's excessive discounting of Plaintiff's complaints regarding her pain.

Plaintiff first argues that the ALJ's decision was based on Dr. Lorber's flawed testimony. Plaintiff alleges that Dr. Lorber's testimony should not have been relied upon because Dr. Lorber asked Plaintiff a number of questions which could have been answered from the information in the record. In addition, Plaintiff notes that while Dr. Lorber stated that the trigger point count did not specify the location or the amount of pressure used to elicit the trigger points, the record

showed tenderness was elicited in a number of specific locations. Further, Plaintiff argues that because the 2010 ACR Preliminary Diagnostic Criteria do not outline the amount of force a physician should apply or the minimum number of positive trigger points and their locations, the record's lack of specificity should not have been a reason for finding Plaintiff was improperly diagnosed with fibromyalgia. Plaintiff also argues Dr. Lorber incorrectly stated that Plaintiff could not have concomitant other diagnoses with fibromyalgia.

As to the ALJ's findings regarding any mental impairment, Plaintiff alleges that the ALJ gave great weight to Dr. Gordon's testimony but did not discuss Dr. Gordon's actual findings, did not meaningfully discuss the actual contents of Dr. Gordon's report, and did not assess the consistency of Dr. Gordon's opinions across the doctor's report and check-box form. Plaintiff claims that the findings in Dr. Gordon's report are, in fact, consistent with Plaintiff having a "severe" mental impairment.

Finally, Plaintiff argues that Magistrate Judge Snow's Report, as well the ALJ's findings, failed to sufficiently take into account Plaintiff's own report of her pain symptoms. Plaintiff claims that her self-reported symptoms and limitations are entirely consistent with her own hearing testimony and her treating sources' opinions. Plaintiff argues that the ALJ unreasonably discounted Plaintiff's own allegations regarding her pain.

In her Report, Magistrate Judge Snow evaluated the sufficiency of the ALJ's basis for its findings regarding Plaintiff's fibromyalgia, mental impairments, and own complaints of pain. For instance, as to the ALJ's finding the fibromyalgia was an inapplicable diagnosis for Plaintiff, Magistrate Judge Snow reasons that the record evidencing the failure of multiple fibromyalgia medications and the effectiveness of opioids, which Dr. Lorber testified are not used to treat fibromyalgia, amounted to substantial evidence supporting the ALJ's finding. As to Plaintiff's

mental impairments, Magistrate Judge Snow acknowledged Plaintiff's argument that Dr. Gordon's findings supported her claim but ultimately found that the ALJ's decision was supported by substantial evidence such as Plaintiff's previous denials of depressive symptoms and cogent testimony at the hearing in front of the ALJ. Finally, as to Plaintiff's subjective complaints about pain, Magistrate Judge Snow reasoned that the ALJ's decision to discount Plaintiff's complaints was supported by substantial evidence in the record, including the conflicting reports from her doctors of tenderness and decreased range of motion.

While there may be evidence in the record to support Plaintiff's claim of disability, the ALJ's findings in this matter were properly supported by substantial record evidence. Upon review of the record, the Court agrees with the reasoning, conclusions, and recommendations of the Magistrate Judge, referenced above. A court should affirm an ALJ's decision "if the decision was supported by substantial evidence . . . defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1281 (11th Cir. 2004) (internal quotations and citations omitted). The Court agrees with Magistrate Judge Snow that substantial evidence is present to support the ALJ's conclusions.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 30] is hereby **APPROVED**;

2. Plaintiff's Objections [DE 31] are hereby **OVERRULED**;

3. Plaintiff's Motion for Summary Judgment [DE 26] is hereby **DENIED**;

4. Defendant's Motion for Summary Judgment [DE 28] is hereby **GRANTED**;

5. The ALJ's decision is **AFFIRMED**; and

6. The Clerk shall **CLOSE** this case and **DENY** any pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of July, 2021.

*/s/ William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Magistrate Judge Snow
Counsel of record